Affirmed and Opinion filed December 5, 2006













Affirmed and Opinion filed December 5, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00250-CV

____________

 

ROBERT W. KARLEN, Appellant

 

V.

 

JOYE P. KARLEN, Appellee

 





 

On Appeal from the Probate
Court Number Four

Harris County,
Texas

Trial Court Cause No. 351,418

 





 

O P I N I O N

Appellant, Robert W. Karlen,
appeals following the dismissal of his application for guardianship of his
mother, Joye P. Karlen (AKarlen@), and the denial
of his motion for an independent examination of Karlen.  In his only
issue, appellant challenges the trial court=s denial of his
motion for independent examination.  We affirm.  

 

I.  Background

Appellant filed an application for appointment of guardianship
over the person and estate of Karlen.  Along
with this application, appellant filed a report by Dr. Murray Pizette dated almost one year prior to the original filing
of the application describing appellant as suffering from severe ataxia and dementia
and needing care twenty-four hours a day, seven days a week.  Appellant
also filed a motion for an independent medical examination of Karlen complaining that his brother, Joseph Richard Karlen (ARick@), was preventing
him from having access to their mother.   

During the course of the proceedings, the trial court
appointed an independent investigator to assist the court and a guardian ad-litem to represent Karlen=s best
interest.  After having evaluated Karlen, both
of those individuals concluded that she was not in need of a guardian.  

In response to appellant=s pleadings, Karlen filed a motion to dismiss the application for
guardianship and a pleading in opposition of the motion for independent medical
examination.  Attached to the motion to dismiss was a report by Dr.
Richard Carney stating that there was no evidence of Karlen=s incapacitation
or her need for a guardian.  

Following a hearing on the issues, the trial court granted
the motion to dismiss the application for guardianship and denied the motion
for independent medical examination.  Appellant now appeals the trial
court=s denial of his
motion for independent medical examination.      


II.  Analysis

 

In his sole issue, appellant argues that the trial court
erred in denying his request for an independent medical examination of Karlen filed pursuant to Texas Rule of Civil Procedure 204
and Texas Probate Code Section 687(b).[1] 
Appellant contends that, because Rick prevented him from having access to Karlen, it was essential for the court to grant his motion
for an independent medical examination so that he could comply with the
guardianship procedural requirements.

At the outset, we note that Rule 204, the general civil
procedural vehicle for petitioning the court to require a medical or
psychological examination of a person, does not apply to guardianship
proceedings.  Because guardianship proceedings necessarily imply physical
or psychological issues (the purported incapacity of a person), the Texas Probate
Code maintains its own framework for evaluating such issues.  See, e.g., Tex. Prob. Code Ann. ' 684(b)(4) (Vernon
2006) (stating that appointment of a guardian requires a trial court finding
that Athe proposed ward is totally without
capacity as provided by this code to care for himself . . . .@).  For
example, Section 687(a) requires an applicant to present a medical report
detailing the proposed ward=s incapacity before a court may grant an
application for guardianship.  Id. ' 687(a).  The
general avenue in guardianship proceedings by which a party may ask the court
to require an examination is Section 687(b), which gives the court discretion
to appoint a physician for examination of the proposed ward.  Id. ' 687(b). 
Therefore, the need for Rule 204 is obviated by the more specific procedures
applicable in guardianship proceedings.

 

Section 687 requires an applicant to provide the trial
court with a letter from a licensed physician dated not earlier than the 120th day
before the date of the filing of the application setting forth certain
evaluations of the proposed ward, such as the nature and degree of the
incapacity.   Id. ' 687(a).  Section 687(a) states that the court may not grant an application
to create a guardianship for an incapacitated person unless the applicant
provides the court with such a letter.  Id.  In the event that an
applicant cannot independently provide the court with such an examination
report, Section 687(b) allows the applicant to petition the court to require an
examination of the proposed ward.  Id. ' 687(b).  It
is the trial court=s denial of the appellant=s request for an
examination pursuant to Section 687(b) that is the sole issue before us on
appeal.

In this case of first impression, we first must determine
the applicable standard of review.  Generally, an abuse of discretion
standard applies when a trial court has discretion to either grant or deny
relief based on its factual determinations.  In re
Doe, 19 S.W.3d 249, 253 (Tex.
2000); Jean v. Tyson‑Jean, 118 S.W.3d 1, 4 n.1 (Tex. App.CHouston [14th Dist.] 2003, pet. denied). 
This standard is especially appropriate when the trial court must weigh
competing policy considerations and balance interests in determining whether to
grant relief.  In re Doe, 19 S.W.3d at 253.

Section 687(b) states that if the court determines it is
necessary, it may appoint the necessary physicians to examine the proposed
ward.  Tex. Prob.
Code Ann. ' 687(b).  Clearly the legislature intended to
give trial courts some degree of latitude to determine, based on the facts
before it, whether a physician is necessary to examine the proposed ward. 
See Tex. Gov't Code ' 311.01 (use of Amay@ in a statute
creates discretionary authority); Bocquet
v. Herring, 972 S.W.2d 19, 20 (Tex.
1998) (statute stating the trial court may award attorney=s fees was
discretionary).  Practical considerations, such as the availability of
other similar evidence or how helpful the examination would be to the fact‑finder,
are the trial court=s primary factors in making this
decision.  For these reasons, we will examine the trial court=s denial of
appellant=s request for an examination pursuant to Section
687(b) for abuse of discretion. 

 

A trial court abuses its discretion when it acts in an arbitrary
or unreasonable manner or without reference to any guiding rules or
principles.  Downer v. Aquamarine Operators, Inc.,
701 S .W.2d 238, 241‑42 (Tex.
1985).  A court of appeals may not reverse a trial court for abuse
of discretion merely because it disagrees with a decision by the trial court,
if that decision was within the trial court=s discretionary
authority.  In re EPIC Holdings, Inc., 985 S.W.2d
41, 56 (Tex. 1998); Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). 

 

At the hearing on appellant=s application for
guardianship, the trial court heard testimony from Cathy Shannon, the court‑appointed
guardian ad‑litem.  Ms. Shannon referenced
her report filed with the court and stated her opinions had not changed since
that report and Karlen did not need a guardian. 
In the report, Ms. Shannon expressed concerns with whether appellant had access
to Karlen, but concluded that, regardless of her
concern, Aappointment of a guardian is
not in Proposed Ward=s best interest.@ 
The trial court also allowed Karlen to make a brief
statement at the hearing expressing her opposition to a guardianship; in the
event a guardian was necessary, she stated her preference that Rick be
appointed.[2] 
The trial court also considered appellant=s Motion for
Independent Medical Examination itself and all Aother pleadings and
papers on file in this cause@ in reaching its decision to deny the
motion for examination.  Included in that file was a report by a court‑appointed
investigator concluding that Karlen did not need a
guardianship, and a letter by Dr. Carney opining that a guardianship was
unnecessary because he found no evidence of incapacitation. 
Finally, there was evidence that Karlen had executed
a durable power of attorney in favor of Rick, supporting the notion that Karlen did not want appellant to be her guardian.  The
only evidence supporting Karlen=s incapacity was a
one‑sentence handwritten note dated almost one year prior to the
guardianship application filing from Karlen=s former doctor,
Dr. Pizette, stating that Karlen
suffered from severe ataxia and dementia and required personal care twenty‑four
hours a day, seven days a week.  In sum, the trial court had a substantial
amount of evidence before it, including evaluations from court‑appointed
officials, that Karlen was not incapacitated and did
not need a guardian, while the only evidence supporting incapacitation was thin
and stale.  The trial court, therefore, may well have found that it was unnecessary
to subject Karlen to the probing and prodding
involved in further medical investigations in the face of substantial evidence
that Karlen neither needed a guardian nor wanted
appellant to be her guardian in the event one was necessary.  Based on
these facts, we find that the trial court did not act arbitrarily or
unreasonably in finding that it was unnecessary to appoint a physician to
examine Karlen under Section 687(b).  We
overrule appellant=s sole issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed December 5, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.

 

 

 

 

 














[1]  On appeal, appellant does not reference either
Rule 204 or Section 687(b).  We will assume his general complaint about
the court=s ruling on his Arequest
for an independent medical examination@
challenges the court=s ruling under both of these rules.  





[2]  The Probate Code generally requires that the
court give Adue consideration to the preference indicated by the
incapacitated person@ in appointing a guardian.  Tex. Prob. Code Ann. ' 689.